IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HITESH PATEL<br>Plaintiff | :<br>:<br>: CIVIL ACTION |
| v. | : NO.<br>: |
| NARENDRA PATEL<br>Defendant | :<br>: |

## COMPLAINT

Plaintiff, Hitesh Patel ("Hitesh"), by his attorneys High Swartz LLP, files this Complaint against Defendant, Narendra Patel ("Narendra"), as follows:

1. Hitesh is an adult individual and citizen of New Jersey with an address of 9 Prince Road, Parsippany, NJ 07054.

2. Narendra is an adult individual and citizen of Pennsylvania with an address of 1745 Walnut Street, Lansdale PA 19446.

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship because Hitesh is a citizen of New Jersey and Narendra is a citizen of Pennsylvania and the amount in controversy exceeds $75,000.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Narendra resides in and the events and omissions giving rise to the claim occurred in the Eastern District of Pennsylvania.

5. On or about March 14, 2018, Narendra entered into an Agreement of Sale ("Agreement") with Hitesh for the sale of Fern Rock Market and Deli ("Deli"). A copy of the Agreement is attached as Exhibit "A" and incorporated by reference.

1

6. The sale of the Deli included personal property, trade name, inventory, goodwill, and real property located at 328-330 Cherry Street, Norristown, PA ("Premises"). Exhibit "A," Agreement.

7. The Agreement identified a sales price of $365,000, broken down as: $65,000 for trade fixture, furniture, equipment, and inventory; $100,000 for goodwill; and $200,000 for the Premises.

8. Despite the sales price of $365,000 set forth in the Agreement, Hitesh agreed to pay $650,000 to Narendra.

9. Narendra represented to Hitesh that the reason for the discrepancy in the sale price set forth in the Agreement and the actual sale price was so that Narendra would not need to report the actual sale price to the Internal Revenue Service and other taxing authorities.

10. Closing was scheduled to occur on May 1, 2018.

11. Hitesh agreed to pay $600,000 prior to closing and provide a promissory note of $50,000 to Narendra at closing.

12. Hitesh paid the following amounts to Narendra:

   a. $100,000 by check, number 2492, dated February 28, 2018;

   b. $100,000 by check, number 156, dated February 28, 2018;

   c. $100,000 by check, number 2493, dated March 5, 2018;

   d. $100,000 by check, number 197, dated March 20, 2018;

   e. $100,000 by check, number 198, dated March 21, 2018;

   f. $100,000 by check, number 199, dated March 24, 2018.

(collectively, "Canceled Checks"). Copies of all Canceled Checks are attached as Exhibit "B" and incorporated by reference.

13. Narendra deposited all six checks in an account at KeyBank NA. Exhibit "B," Canceled Checks.

14. After Hitesh made payments to Narendra and prior to closing, Hitesh took over operations of the Deli on or about April 2, 2018.

15. After taking over operations of the Deli on or about April 2, 2018, Hitesh discovered that Narendra committed various improper and fraudulent acts and omissions in the transaction, including:

   a. Narendra provided Hitesh with business data identifying income of the business. Exhibit "C," Business Data. However, after operating the Deli for approximately one month, Hitesh has discovered that the actual income is significantly lower than the income Narendra represented.

   b. Narendra's Electronic Benefits Transfer ("EBT") license had been terminated due to Narendra's illegal use, which Narendra failed to disclose to Hitesh.

   c. On or about April 10, 2018, Narendra forged Hitesh's signature, and affixed his notarial seal, on an Affidavit Narendra submitted to the United States Department of Agriculture, Food and Nutrition Service, relating to participation in the Supplemental Nutrition Assistance Program EBT program. Exhibit "D," Affidavit.

16. Article XII of the Agreement required Narendra to obtain a certificate of occupancy for the Premises. Exhibit "A," Agreement.

17. Upon information and belief, Narendra applied for a certificate of occupancy from the Borough of Norristown.

18. Upon information and belief, the Borough of Norristown issued a list of repairs required for the Premises in order for a certificate of occupancy to be issued.

19. Upon information and belief, Narendra failed to make the necessary repairs to the Premises.

20. Upon information and belief, Narendra attempted to convert the use and occupancy application to a conditional use and occupancy application, which would require Hitesh to take responsibility for any Borough of Norristown required repairs to the Premises.

21. A conditional use and occupancy permit is not in accordance with the Agreement.

22. Narendra failed to obtain a certificate of occupancy for the Premises prior to closing.

23. Failure to obtain a certificate of occupancy makes the Agreement null and void and entitles Hitesh to return of any deposits.

24. Narendra has further failed to provide Hitesh with a list of repairs that the Borough of Norristown required for the issuance of a certificate of occupancy.

25. Upon information and belief, the repairs that the Borough of Norristown required would exceed $10,000, thus providing Hitesh with an option to terminate the Agreement.

26. Prior to closing, Narendra provided a Closing Statement intended to deceive Hitesh and the relevant taxing authorities. Exhibit "E," Closing Statement.

27. Hitesh requested that Narendra provide a true and accurate Closing Statement containing: seller's signature, a bill of sale for the business, assets, and non-real property, a receipt for all monies Narendra received from Hitesh, a statement of the purchase price, and a statement of all monies paid in advance. Exhibit "F," April 30, 2018 Letter.

28. Narendra failed and refused to provide a true and accurate closing statement prior to the scheduled closing.

29. Due to the Narendra's improper and fraudulent acts and omissions in the transaction and the failure of the Agreement to go to closing, Hitesh agrees to provide an accounting of all business transactions, return any collected receipts to Narendra, and cooperate in transferring all licenses back to Narendra.

30. Due to Narendra's conduct as set forth above, closing did not occur.

31. Hitesh demanded return of the $600,000 paid to Narendra, including on the date of closing of May 1, 2018.

32. Narendra has failed and refused to return the $600,000 paid by Hitesh.

## COUNT I

## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

33. Hitesh incorporates the foregoing paragraphs as if set forth at length.

34. Hitesh has conferred a benefit on Narendra by way of the $600,000 payments.

35. Narendra has appreciated the benefits of the $600,000 by retaining and depositing the payments.

36. Closing on the Agreement did not occurred due to Narendra's misrepresentations as to the business income, fraud and forgery related to EBT license, failure to apply for and obtain a certificate of occupancy, and failure to provide true and accurate closing information.

37. It would be inequitable for Narendra to retain the $600,000 given by Hitesh.

38. Hitesh is further entitled to a constructive trust being entered against Narendra over the $600,000 paid by Hitesh to Narendra.

WHEREFORE, Hitesh respectfully requests that this Court enter judgment in his favor and against Narendra in the amount of $600,000, a constructive trust over the $600,000 against Narendra and in favor of Hitesh, plus interests, costs, and any other relief the Court deems just and appropriate.

## COUNT II

## FRAUD

39. Hitesh incorporates the foregoing paragraphs as if set forth at length.

40. Narendra made various representations relating to business income, the EBT license, the certificate of occupancy, and closing information as set forth *supra*.

41. The representations were material to the Agreement and sale to Hitesh.

42. Narendra made the representations with knowledge of their falsity or recklessness as to their truth or falsity.

43. Narendra made the representations with the intent of misleading Hitesh into relying upon the representations.

44. Hitesh justifiably relied upon the misrepresentations in the Agreement and payment of $600,000 to Narendra.

45. Hitesh has been damaged in the amount of $600,000 due to his reliance on Narendra's misrepresentations.

WHEREFORE, Hitesh respectfully requests that this Court enter judgment in his favor and against Narendra in the amount of $600,000, plus interests, costs, and any other relief the Court deems just and appropriate.

## COUNT III

## RESCISSION

46. Hitesh incorporates the foregoing paragraphs as if set forth at length.

47. Narendra made various representations relating to business income, the EBT license, the certificate of occupancy, and closing information as set forth *supra*.

48. Narendra's representations were untrue and Narendra knew them to be untrue.

49. Narendra's representations were made to induce Hitesh to enter the Agreement and purchase the Deli and Premises.

50. Hitesh was induced to enter the Agreement and pay $600,000 to Narendra based upon the misrepresentations and therefore has suffered damage.

WHEREFORE, Hitesh respectfully requests that this Court enter judgment in his favor and against Narendra for rescission of the Agreement and damages in the amount of $600,000, plus interests, costs, and any other relief the Court deems just and appropriate.

## COUNT IV

## PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER

51. Hitesh incorporates the foregoing paragraphs as if set forth at length.

52. Closing did not occur as set forth in the Agreement.

53. Hitesh has paid Narendra $600,000.

54. Narendra is in possession of $600,000.

55. Narendra is not entitled to the $600,000 because closing did not occur due to his representations relating to business income, the EBT license, the certificate of occupancy, and closing information as set forth *supra*.

56. Until the underlying merits of this lawsuit can be fully adjudicated, Narendra should not be permitted to retain the $600,000 that Hitesh paid.

57. Due to Narendra's false and fraudulent conduct in the transaction, Hitesh believes and avers that Narendra will act to dissipate, deplete, transfer, or otherwise hide the $600,000 that Hitesh paid.

58. Due to Narendra's false and fraudulent conduct in the transaction, Hitesh believes and avers that if Narendra is aware of this lawsuit, he may immediately act to dissipate, deplete, transfer, or otherwise hide the $600,000 that Hitesh paid.

59. A temporary restraining order prohibiting Narendra from dissipating, depleting, transferring, hiding, or otherwise taking any action on the $600,000 that Hitesh paid is appropriate at this time.

60. Immediate and irreparable injury will result if a restraining order is not entered in that Narendra is likely to dissipate, deplete, transfer, or otherwise hide the $600,000 that Hitesh paid.

61. A preliminary injunction requiring Narendra to pay the $600,000 that Hitesh paid into Court until this matter is finally resolved is appropriate to prevent Hitesh from dissipating, depleting, transferring or otherwise hiding the $600,000 that Hitesh paid.

62. Immediate and irreparable injury will result if a preliminary injunction requiring Narendra to pay the $600,000 into Court is not entered as Narendra is likely to dissipate, deplete, transfer, or otherwise hide the $600,000 that Hitesh paid.

63. Hitesh is likely to succeed on the merits because closing did not occur due to Narendra's improper conduct, fraud, and omissions set forth *supra*.

64. Narendra will not suffer unnecessary harm as the money will be held in the status quo and paid into Court, which will be available to either party at the conclusion of the merits of the lawsuit.

65. Public interest favors granting an injunction because a person should not be entitled to unearned funds during the pendency of a lawsuit.

WHEREFORE, Hitesh respectfully requests that this Court enter a temporary restraining order prohibiting Narendra from dissipating, depleting, transferring, hiding, or otherwise taking any action on the $600,000 that Hitesh paid and a preliminary injunction requiring Narendra to pay the $600,000 into Court during the pendency of this lawsuit.

HIGH SWARTZ LLP

By: _____
Eric B. Smith, Esq.
esmith@highswartz.com
Kevin Cornish, Esq.
kcornish@highswartz.com
40 East Airy Street
Norristown, PA 19404
610-275-0700
610-275-5290 (fax)
Counsel for Plaintiff
Hitesh Patel

Date: 5.2.18