IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HITESH PATEL | : | CIVIL ACTION |
| v. | : | |
| NARENDRA PATEL | : | NO. 18-1841 |

## MEMORANDUM

**Padova, J.**  August 1, 2018

Plaintiff has brought the instant action seeking the return of $600,000.00 that he paid to Defendant as a deposit for the purchase of a delicatessen located in Norristown, Pennsylvania. Defendant has moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, alternatively, to dismiss five of the six claims for relief asserted in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the Motion is granted in part and denied in part.

I.  **FACTUAL BACKGROUND**

The Amended Complaint alleges the following facts. On March 14, 2018, Defendant Narendra Patel entered into an Agreement of Sale (the "Agreement") with Plaintiff Hitesh Patel, JSN Venture, LLC ("JSN"), and JSN-PA Venture, LLC ("JSN-PA") (collectively the "Buyers") for the sale of Fern Rock Market and Deli (the "Deli"). (Am. Compl. ¶ 5; Ex. A.)[1] While the Agreement sets forth a sales price of $365,000.00, Plaintiff and Defendant agreed to a sales price

---

[1] The sale of the Deli included personal property, trade name, inventory, goodwill, and real property located in Norristown, Pennsylvania. (Am. Compl. ¶ 6; Ex. A.)

of $650,000.00. (Id. ¶¶ 7-8.)[2] The Agreement also provided that the sale of the Deli would occur on or before May 1, 2018. (Id. ¶ 10; Agreement, Am. Compl. Ex. A, Art. XVII.) Plaintiff agreed to pay $600,000.00 to Defendant prior to closing and to provide a promissory note of $50,000.00 to Defendant at closing. (Am. Compl. ¶ 11.) Plaintiff paid Defendant by way of six $100,000.00 checks drawn from Plaintiff's personal bank accounts between February 28, 2018 and March 24, 2018. (Id. ¶¶ 12-13; Ex. B.) Defendant deposited all six of Plaintiff's $100,000.00 checks into an account at KeyBank. (Id. ¶ 14.)

Article XII of the Agreement required Defendant to obtain a certificate of occupancy for the property in which the Deli is located (the "Property"). (Agreement Art. XII.) Article XII also states that, "[i]f the Seller is unable to [obtain] a certificate permitting occupancy of the Property, then this Agreement shall be null and void and the Buyers shall receive the return of any deposits." (Id.) Defendant failed to make certain repairs to the Property that the Borough of Norristown required him to make before it would issue the certificate of occupancy.[3] (Am. Compl. ¶¶ 18-19.) Defendant did not obtain a certificate of occupancy for the Property, rendering the Agreement null and void under Article XII. (Agreement Art. XII; Am. Compl. ¶¶ 22-23, 25.)

Plaintiff appeared at the office of Defendant's attorney on May 1, 2018 for the closing but the closing did not occur because Defendant had not obtained the certificate of occupancy for the Property. (Am. Compl. ¶ 26.) (Id.) Plaintiff demanded the return of the $600,000.00 he had paid

---

[2] Defendant represented to Plaintiff that he used $365,000.00 for the sales price in the Agreement because he wanted to avoid reporting the actual sales price to the Internal Revenue Service. (Am. Compl. ¶ 9.)

[3] Article XII also provides that, "[i]f the repairs . . . to the Property required by the municipality and/or governmental authority to obtain a certificate permitting occupancy of the Property exceed ten thousand dollars . . . the Buyers shall have the option of terminating this Agreement and the Buyers shall receive the return of any deposits." (Agreement, Art. XII.) The cost of the required repairs exceeded $10,000.00. (Am. Compl. ¶ 24.)

2

to Defendant.  (Id. ¶ 27.)  However, Defendant has failed and refused to return any of the money Plaintiff paid him.  (Id. ¶ 28.)  Moreover, Defendant has already used $126,065.21 of the $600,000.00 deposit to satisfy a mortgage on the Property.  (Id. ¶ 31.)  On May 9, 2018, this Court entered a Temporary Restraining Order requiring that $475,000.00, which is the remainder of the $600,000.00 deposit, be held in escrow by Defendant's attorney.  (Id. ¶ 33.)

Neither JSN nor JSN-PA, the other buyers identified in the Agreement, paid any of the $600,000.00 to Defendant.  (Id. ¶ 30.)  Both of these entities have authorized and consented to Defendant's return of Plaintiff's entire $600,000.00 payment to Plaintiff and have disclaimed any interest in that amount.  (Id. ¶ 35.)

The Amended Complaint asserts six claims for relief.  Count I asserts a claim for unjust enrichment and a constructive trust.  Count II asserts a claim for conversion.  Count III asserts a claim for money had and received.  Count IV asks the Court to enter a declaratory judgment, declaring the Agreement null and void and ordering the return of the $600,000.00 deposit paid to Defendant.  Count V asserts a claim for breach of contract.  Count VI asks the Court for a temporary restraining order prohibiting Defendant from dissipating, depleting, transferring, hiding, or otherwise taking action with respect to the $600,000.00 that Plaintiff paid him and for a preliminary injunction requiring Defendant to pay the $600,000.00 into a fund in the Court until this matter is resolved.

Defendant moves to dismiss the Amended Complaint on the ground that Plaintiff has failed to join an indispensable party whose joinder in this case will destroy our subject matter jurisdiction. Defendant also moves, in the alternative, to dismiss Counts I-IV and VI of the Amended Complaint on the ground that none of these Counts state claims upon which relief can be granted.  We first address Defendant's argument that Plaintiff has failed to join an indispensable party.

## II. FAILURE TO JOIN AN INDISPENSABLE PARTY

### A. Rule 12(b)(7)

Defendant has moved to dismiss this action for failure to join JSN-PA as a plaintiff pursuant to Federal Rule of Civil Procedure 19. Defendant contends that JSN-PA is an indispensable party in accordance with Rule 19 and that its joinder as a plaintiff would destroy our diversity jurisdiction. While Defendant has cast this portion of his Motion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), such a motion is properly brought pursuant to Rule 12(b)(7), which provides that a party may bring a motion to dismiss for "failure to join a party under Rule 19."[4] Fed. R. Civ. P. 12(b)(7).

"The moving party bears the burden of showing that the absent party is a required party and thus dismissal is proper under Rule 12(b)(7)." Advanced Fluid Sys., Inc. v. Huber, Civ. A. No. 13-3087, 2014 WL 1808652, at *6 (M.D. Pa. May 7, 2014) (citing Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 635 F.3d 87, 97 (3d Cir. 2011)). "In reviewing a motion made under Rule 12(b)(7), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." Cummings v. Allstate Ins. Co., Civ. A. No. 11-2691, 2011 WL 6779321, at *3 (E.D. Pa. Dec. 27, 2011)) (citing Pittsburgh Logistics Sys., Inc. v. C.R.England, Inc., 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009)). See also US Tech Sols., Inc. v. eTeam, Inc., Civ. A. No. 17-1107, 2017 WL 3535022, at *2 (D.N.J. Aug. 16, 2017) (citation omitted). "[T]he court may also consider relevant evidence outside the pleadings." Advanced

---

[4] "Rule 19 promulgates the circumstances in which the joinder of an absent party is necessary and, if such joinder is not feasible, the considerations for assessing whether the absent party is indispensable to the action." Advanced Fluid Sys., Inc. v. Huber, Civ. A. No. 13-3087, 2014 WL 1808652, at *6 (M.D. Pa. May 7, 2014) (citing Fed. R. Civ. P. 19; additional citations omitted).

Fluid Sys., 2014 WL 1808652, at *6 (citing Polygon U.S. Corp. v. Diversified Info. Techs., Civ. A. No. 12-923, 2012 WL 5379168, at *4 (M.D. Pa. Oct. 31, 2012)).

      B.     Rule 19

Rule 19 governs the required joinder of parties and provides as follows:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). We use a two-step process to determine whether a lawsuit should be dismissed pursuant to Rule 12(b)(7). First we "determine whether the absent [party] should be joined as [a] 'necessary' part[y] under rule 19(a)." Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). "If they should be joined, but their joinder is not feasible inasmuch as it would defeat diversity of citizenship (as would be the case here), we next must determine whether the absent part[y is] 'indispensable' under Rule 19(b)." Id. "Should we answer this question in the affirmative, the action cannot go forward." Id. (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993)). To determine whether a necessary party is indispensable, we consider the following factors:

(1) the extent to which a judgment rendered in the person's absence might prejudice either that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment without the person would be adequate; and (4) whether the plaintiff would otherwise have an adequate remedy if the action were dismissed.

5

Tullett Prebon PLC v. BGC Partners, Inc., 427 F. App'x 236, 240 (3d Cir. 2011) (citing Fed. R. Civ. P. 19(b)).

C.     Discussion

Defendant contends that JSN-PA is a necessary party to this action because we cannot afford complete relief to the existing parties in its absence.  Defendant first asserts that it is well settled that all parties to a contract are indispensable in an action to set aside that contract or for rescission of that contract.  See Krupa v. Hilcorp Energy I LP, Civ. A. No. 13-1542, 2014 WL 2506144, at *13 (W.D. Pa. June 3, 2014) ("It is well settled that 'in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.'" (quoting Fluent v. Salamanca Indian Lease Auth., 928 F.2d 542, 547 (2d Cir. 1991))); see also Acton Co., Inc. of Mass. v. Bachman Foods, Inc., 668 F.2d 76, 81-82 (1st Cir. 1982) (noting that other cases have held "that an action seeking rescission of a contract must be dismissed unless all parties to the contract, and others having a substantial interest in it, can be joined" (citations omitted)).

However, the Amended Complaint neither seeks rescission of the Agreement nor asks that the Agreement be set aside.  Rather, the Amended Complaint alleges that the Agreement is null and void pursuant to its terms because Defendant did not obtain a Certificate of Occupancy for the Property (Am. Compl. ¶¶ 22-23, 25; Agreement Art. XII), and asserts claims for the return of the $600,000.00 paid by Plaintiff to Defendant based on the allegations that the Agreement is null and void.  Accordingly, Defendant's reliance on cases involving rescission and claims to set aside a contract is unavailing.

Defendant also argues that we cannot afford complete relief among existing parties in the absence of JSN-PA because JSN-PA was involved in the operations of the Deli in April 2018,

prior to the closing date. Defendant appears to argue that JSN-PA was so involved in the operations of the Deli before the failed closing on May 1, 2018, that Plaintiff's claims cannot be resolved in JSN-PA's absence because unwinding the sale will necessarily require the court to address interests that JSN-PA obtained in the Deli and the benefits it derived from those interests during April 2018. Defendant bases this argument on contentions that, as of April 1, 2018, the Deli's licenses related to food, lottery, tobacco, and cigarettes had been transferred to JSN-PA; JSN-PA had obtained a sales tax license for the Deli; all of the utilities for the Deli had been transferred to JSN-PA; JSN-PA had opened vendor accounts related to the Deli; JSN-PA had purchased all of the inventory of the Deli; and JSN-PA had received proceeds from the Deli's sales. (Def.'s Mem. at 5-6.) However, it is Defendant's burden to show that JSN-PA "is a required party and thus dismissal is proper under Rule 12(b)(7)." Advanced Fluid Sys., 2014 WL 1808652, at *6 (citation omitted). Defendant has submitted no evidence to support his assertions that JSN-PA was involved in the operations of the Deli prior to the closing date. We therefore conclude that Defendant has failed to provide the necessary factual support for his argument that JSN-PA was so involved in the operations of the Deli prior to the projected closing that it is a necessary party pursuant to Rule 19(a)(1)(A) because we cannot afford complete relief among existing parties in its absence. We conclude, accordingly, that Defendant has failed to satisfy his burden to show that JSN-PA is a necessary party pursuant to Rule 19(a)(A).

We also consider whether JSN-PA claims an interest relating to the subject matter of the action, making it a necessary party pursuant to Rule 19(a)(1)(B). The Amended Complaint alleges that Plaintiff personally agreed on a sales price of $650,000.00 with Defendant, although the Agreement sets forth a price of $365,000.00. (Am. Compl. ¶ 8.) The Amended Complaint further alleges that Plaintiff agreed to pay Defendant $600,000.00 prior to closing and that Plaintiff

7

personally made the following six payments to Defendant: (1) a check for $100,000.00 from Plaintiff's account with Santander Bank, N.A. dated March 24, 2018; (2) a check for $100,000.00 from Plaintiff's account with Santander Bank, N.A. dated March 21, 2018; (3) a check for $100,000.00 from Plaintiff's account with Santander Bank, N.A. dated March 20, 2018; (4) a check for $100,000.00 from Plaintiff's account with Bank of America dated March 2, 2018; (5) a check for $100,000.00 from Plaintiff's account with Santander Bank, N.A. dated February 28, 2018; and (6) a check for $100,000.00 from Plaintiff's account with Bank of America dated February 28, 2018. (Am. Compl. ¶ 12 and Ex. B.) The Amended Complaint further alleges that the $600,000.00 was paid solely by Plaintiff and that neither JSN Venture, LLC nor JSN-PA paid any money to Defendant pursuant to the Agreement. (Am. Compl. ¶¶ 13-14, 30.) The Amended Complaint also alleges that both JSN and JSN-PA "authorize and consent to [Defendant's] return of the $600,000 to [Plaintiff], and disclaim in favor of [Plaintiff] any entitlement to the $600,000 deposit made by [Plaintiff]." (Id.) In addition, the Amended Complaint alleges that JSN and JSN-PA "notified [Defendant's] counsel and [Defendant] that each of them directs and authorizes [Defendant] to pay the $600,000 deposit to [Plaintiff] and that neither . . . has any interest or entitlement to those funds as those funds were paid exclusively by [Plaintiff]." (Id. ¶ 35.) Defendant has submitted no evidence that JSN-PA has any interest in the $600,000.00 that Plaintiff paid to Defendant in connection with the agreed upon purchase of the Deli. Under these circumstances, we conclude that Defendant has failed to show that JSN-PA has any interest in the $600,000.00 that Plaintiff seeks to be returned to him in the instant lawsuit. We further conclude that Defendant has failed to satisfy his burden to show that JSN-PA is a necessary party pursuant to Rule 19(a)(1)(B) because it has "an interest relating to the subject of the action and is so situated that disposing of the action in" JSN-PA's absence might impair or impede JSN-PA's ability to

8

protect its interest or leave Defendant subject to a substantial risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B). Accordingly, we deny Defendant's Motion to Dismiss with respect to his argument that Plaintiff failed to join an indispensable party whose joinder would defeat our subject matter jurisdiction over this action.

## III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendant has moved, in the alternative, to dismiss Counts I, II, III, IV, and VI of the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A. Rule 12(b)(6)

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "'construe the complaint in the light most favorable to the plaintiff.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which gives "'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting

9

Fed. R. Civ. P. 8(a)(2), and Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief.'" Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (alteration in original) (quoting Iqbal, 556 U.S. at 678). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

  B. Count I – Unjust Enrichment

Count I of the Amended Complaint asserts a claim against Defendant for unjust enrichment. The Amended Complaint alleges, in Count I, that Defendant has been unjustly enriched by his receipt of the $600,000.00 paid to him by Plaintiff and asks that we impose a constructive trust in favor of Plaintiff over those funds. Defendant argues that we should dismiss Count I of the Amended Complaint pursuant to Rule 12(b)(6) because the doctrine of unjust enrichment does not apply when the relationship between the parties is founded upon a written agreement. Defendant also argues, in the alternative, that we should dismiss Count I because Plaintiff cannot establish all of the elements of a claim of unjust enrichment.

"Unjust enrichment is the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution." Roethlein v. Portnoff Law Assocs., Ltd., 81 A.3d 816, 825 n.8 (Pa. 2013) (citing American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 532 n.7 (Pa. 2010)). "An action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law." Id. (citing Schott v. Westinghouse Elec. Corp., 259 A.2d 443, 448 (Pa. 1969)). Defendant contends that we must dismiss Count I because the Amended Complaint also asserts a claim for breach of contract and, in Pennsylvania, the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded on a written agreement or express contract.

The Pennsylvania Supreme Court has long held that "the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'" Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250, 1254 (Pa. 2006) (quoting Third Nat'l & Tr. Co. of Scranton v. Lehigh Valley Coal Co., 44 A.2d 571, 574 (Pa. 1945) (citations omitted)). However, while "a party cannot *recover* under both breach of contract and *quantum meruit* theories, it is not precluded from *pleading* both as alternative avenues for relief." Ford Motor Credit Co. LLC v. Maxwell, Civ. A. No. 10-1926, 2012 WL 1677248, at *2 (M.D. Pa. May 14, 2012) (citing Lugo v. Farmers Pride, Inc., 967 A.2d 963, 969-70 (Pa. Super. Ct. 2009)). "'[T]heories of breach of contract and unjust enrichment must be pleaded alternatively in order to allow recovery under the latter theory *where an express contract cannot be proven*.'" Id. (quoting Lugo, 967 A.2d at 970); see also Chase v. Creegan, No. 1681 WDA 2015, 2017 WL 1240046, at *4 (Pa. Super. Ct. Apr. 4, 2017) (noting that, "while unjust enrichment is an equitable remedy, our

11

Court has permitted parties to plead breach of contract and unjust enrichment alternatively, although recovery for both claims is not allowed" (citing Lugo, 967 A.2d 963)). Plaintiff maintains that he has pled his unjust enrichment claim in Count I in the alternative to his claim for breach of contract in Count V because he believes that there are issues with respect to the validity and applicability of the Agreement. Accordingly, we deny the Motion to Dismiss Count I as to Defendant's argument that the Amended Complaint cannot state claims for unjust enrichment because the parties' relationship is founded upon a written agreement.

Defendant also argues that we should dismiss Count I because Plaintiff cannot establish the elements of a claim of unjust enrichment. "To establish a claim for unjust enrichment under Pennsylvania law, a plaintiff must allege facts demonstrating (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation of such benefit by the defendant, and (3) acceptance and retention of such benefit under circumstances such that it would be inequitable for the defendant to retain the benefit without payment to the plaintiff." iRecycleNow.com v. Starr Indem. & Liab. Co., 674 F. App'x 161, 162 (3d Cir. 2017) (citing EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 273 (3d Cir. 2010)). Defendant argues that Plaintiff cannot establish the third element of his claim of unjust enrichment, i.e., that it would be inequitable for Defendant to retain Plaintiff's $600,000.00 deposit, because the Buyers received significant benefits from Plaintiff's payment of the deposit. However, Defendant's argument relies entirely on a recitation of "facts" that are not alleged in the Amended Complaint and are not supported by the exhibits attached to the Amended Complaint or by any other exhibits in the record before us.[5] We cannot consider Defendant's unsupported assertions of fact in connection with a motion to dismiss. See Mayer,

---

[5] The facts upon which Defendant relies in connection with his argument that the Buyers received significant benefits from the Deli are substantially the same as the facts he relies on in connection with his argument that JSN-PA is an indispensable party to this litigation.

605 F.3d at 230 (stating that we can only consider the following when we decide a motion to dismiss pursuant to Rule 12(b)(6): "the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents" (citing Pension Benefit Guar. Corp., 998 F.2d at 1196)). Consequently, we deny the Motion to Dismiss as to Count I with respect to Defendant's argument that Plaintiff cannot establish the third element of a claim for unjust enrichment because the Buyers received significant benefits from Plaintiff's payment of the $600,000.00 deposit. For the reasons stated above, we deny Defendant's Motion to Dismiss as to Plaintiff's claim for unjust enrichment in Count I of the Amended Complaint.

  C. Count II – Conversion

Count II of the Amended Complaint asserts a claim for conversion. "Under Pennsylvania law, '[a] conversion is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification.'" Win & Son, Inc. v. City of Phila., 178 F. Supp. 3d 234, 242 (E.D. Pa. 2016) (alteration in original) (quoting Stevenson v. Econ. Bank of Ambridge, 197 A.2d 721, 726 (Pa. 1964)). "'Money may be the subject of conversion.'" Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. Ct. 2003) (quoting Francis J. Bernhardt, III, P.C. v. Needleman, 705 A.2d 875, 878 (Pa. Super. 1997)). The Amended Complaint alleges that Defendant has deprived Plaintiff of his right to the $600,000.00 deposit, that Plaintiff has not consented to Defendant's retention of the $600,000.00, and that Defendant has no legal justification for retaining the $600,000.00. (Am. Compl. ¶¶ 46-49.) Defendant argues that we should dismiss Count II because the gist of the action doctrine bars a tort claim that arises from a contract between the parties.

The gist of the action doctrine provides as follows:

> an alleged tort claim against a party to a contract, based on the party's actions undertaken in the course of carrying out a contractual agreement, is barred when the gist or gravamen of the cause of action stated in the complaint, although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations.

Bruno v. Erie Ins. Co., 106 A.3d 48, 53 (Pa. 2014) (footnotes omitted). The Pennsylvania Supreme Court has explained that "the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint, [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract." Id. at 68 (footnote omitted). Thus, if the facts alleged "establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract." Id. (citations omitted). "If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." Id. (citations omitted).

Plaintiff argues that it would be premature to dismiss his conversion claim at this point in the litigation, as he expects that the validity of the Agreement will become an issue during the pendency of this action. The Pennsylvania Superior Court has "cautioned against prematurely dismissing a tort action on the basis of [the gist of the action] doctrine, because our rules permit the pleading of tort and contract claims in the alternative." Weinar v. Lex, 176 A.3d 907, 926 (Pa. Super. Ct. 2017) (citing Telwell, Inc. v. Grandbridge Real Estate Capital, LLC, 143 A.3d 421, 429 (Pa. Super. Ct. 2016)); see also Telwell, 143 A.3d at 429 (concluding that "the trial court's dismissal of the tort claims based on a finding that the gist of the action was in contract was both premature and erroneous" where "[i]t was far from clear at the demurrer stage that the gist of the

action . . . sounded in contract and that recovery on a tort theory was impossible"). Since the Federal Rules of Civil Procedure expressly permit "parties to plead multiple claims as alternative theories of liability[,]" we are mindful that we "should be slow to dismiss claims under the gist of the action doctrine." Orthovita, Inc. v. Erbe, Civ. A. No. 07-2395, 2008 WL 423446, at *4 (E.D. Pa. Feb. 14, 2008) (citing Berger & Montague v. Scott & Scott, 153 F. Supp. 2d 750, 754 (E.D. Pa. 2001)). Thus, "the broad federal pleading possibilities allow the [plaintiff] to *plead* both [breach of contract and conversion] as alternative theories of liability." Id. at *7; see also Berger, 153 F. Supp. 2d at 754 (stating that "even if the 'gist of the action' test . . . were to bar [plaintiff] from proceeding simultaneously on breach of contract and conversion claims, [plaintiff] can still plead both claims as alternative theories of liability"); Takeda Pharm. USA, Inc. v. Spireas, Civ. A. No. 17-0452, 2017 WL 4401988, at *16 (E.D. Pa. Oct. 3, 2017) (stating that "courts must be cautious when determining whether to dismiss a claim based on the gist of the action doctrine because parties are permitted to plead theories of liability in the alternative" (citing USG Ins. Servs., Inc. v. Bacon, Civ. A. No. 16-1024, 2016 WL 6901332, at *7 (W.D. Pa. Nov. 22, 2016)). Since it appears that there may be issues with respect to the validity of the Agreement, we decline, at this time, to dismiss Plaintiff's conversion claim in Count II of the Amended Complaint pursuant to the gist of the action doctrine. We therefore deny the Motion to Dismiss as to Plaintiff's claim for conversion in Count II of the Amended Complaint.

   D.   Count III – Money Had and Received

Count III of the Amended Complaint asserts a claim for money had and received. "A cause of action for money had and received is a claim by which the plaintiff seeks to recover money paid to the defendant by mistake or under compulsion, or where the consideration was insufficient." White v. Conestoga Title Ins. Co., 53 A.3d 720, 723 n.5 (Pa. 2012) (citing Springfield Twp. v.

PSFS Bank, 889 A.2d 1184, 1186 n.2 (Pa. 2005)). The Amended Complaint alleges, in support of Count III, that Defendant retained the $600,000.00 as a deposit for the sale of the Deli; the Agreement is null and void; and Defendant has refused to repay the deposit to Plaintiff. (Am. Compl. ¶¶ 52-55.) Defendant moves to dismiss Count III on the ground that this is a quasi-contractual claim that is precluded by the existence of the express contract between the parties. However, Pennsylvania does recognize some claims for money had and received where the money was paid pursuant to an express contract and that contract is found to be void. See McGregor's Estate v. Young Twp., 38 A.2d 313, 319 (Pa. 1944) ("'There can be no question in Pennsylvania, where a municipality issues an express contract or formal obligation which is void because of the failure of its authorities to comply with the constitutional and statutory requirements here involved, an action for money had and received by the lender of the money will lie. There is an implied obligation resting upon the municipality to pay back what was lent to it in good faith.'" (quoting Cameron Bank v. Aleppo Twp., 13 A.2d 40, 41 (Pa. 1940))); see also Am. La France Fire Engine Co. v. Borough of Shenandoah, 115 F.2d 866, 867-68 (3d Cir. 1940) (citing Cameron Bank, 13 A.2d at 40); Luzerne Twp. v. Fayette Cty., 199 A. 327, 330 (Pa. 1938)). Since the validity of the Agreement is yet to be determined, we deny the Motion to Dismiss as to Count III with respect to Defendant's argument that a cause of action for money had and received is precluded by the parties' execution of an express contract.

Defendant also argues that we should dismiss Count III because Defendant gave valuable consideration to Plaintiff in exchange for the $600,000.00 deposit. See Solomon v. Gibson, 615 A.2d 367, 369 (Pa. Super. Ct. 1992) (stating that a cause of action for money had and received "fails . . . where the recipient of the money has given consideration in exchange for the funds and is unaware that the money was procured by fraudulent means" (citing Brubaker v. Cty. of Berks,

112 A.2d 620 (Pa. 1955))). In support of this argument, Defendant again relies entirely on a recitation of "facts" that are not alleged in the Amended Complaint and are not supported by the exhibits attached to the Amended Complaint or by any other exhibits in the record before us. As we discussed above, we cannot consider Defendant's unsupported assertions of fact in connection with a motion to dismiss. See Mayer, 605 F.3d at 230 (citing Pension Benefit Guar. Corp., 998 F.2d at 1196). Consequently, we deny the Motion to Dismiss as to Count III with respect to Defendant's contention that Plaintiff received valuable consideration in exchange for his payment of $600,000.00.

Defendant further argues that Count III should be dismissed because the voluntary payment doctrine bars recovery of a payment made due to a mistake of law. "'Under the voluntary payment defense, one who has voluntarily paid money with full knowledge, or means of knowledge of all the facts, without any fraud having been practiced upon him . . . cannot recover it back by reason of the payment having been made under a mistake or error as to the applicable rules of law.'" Parsons v. City of Phila., Civ. A. No. 13-0955, 2014 WL 6973024, at *2 (E.D. Pa. Dec. 9, 2014) (alteration in original) (quoting Liss & Marion, P.C. v. Recordex Acquisition Corp., 983 A.2d 652, 661 (Pa. 2009); and citing Essex Ins. Co. v. RMJC, Inc., 306 F. App'x 749, 754 (3d Cir. 2009)). The Amended Complaint does not, however, assert that Plaintiff made his payment of $600,000.00 to Defendant because of a mistake of law. Accordingly, this affirmative defense is not applicable to Count III of the Amended Complaint. We therefore deny Defendant's Motion to Dismiss as to Count III of the Amended Complaint.

E. Count IV – Declaratory Judgment

Defendant asks that we dismiss Count IV of the Amended Complaint, which seeks a declaratory judgment that the Agreement is void and that Plaintiff shall receive the return of the

$600,000.00 he paid to Defendant (Am. Compl. ¶ 59) on the ground that it is duplicative of Plaintiff's claim for breach of contract in Count V. "Declaratory judgments are binding adjudications that set forth the rights and other legal relations of the parties involved without regard for whether or not future relief is or could be claimed." Nova Fin. Holdings Inc. v. Bancinsure, Inc., Civ. A. No. 11-07840, 2012 WL 1322932, at *4 (E.D. Pa. Apr. 17, 2012) (citation omitted). The Declaratory Judgment Act ("DJA") provides that "'[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" Landau v. Viridian Energy PA LLC, 223 F. Supp. 3d 401, 421 (E.D. Pa. 2016) (alteration in original) (quoting 28 U.S.C. § 2201). "Under Rule 57 of the Federal Rules of Civil Procedure, '[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.'" Id. (quoting Fed. R. Civ. P. 57.) "The Advisory Committee Notes to Rule 57 further explain that 'declaratory relief is alternative or cumulative and not exclusive or extraordinary,' and that '[w]ritten instruments . . . may be construed [under the DJA] before or after breach at the petition of a properly interested party.'" Id. (alterations in original) (quoting Fed. R. Civ. P. 57 advisory committee's note to 1937 adoption). However, the United States Court of Appeals for the Third Circuit "encourage[s] courts to dismiss DJA claims 'when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation.'" Id. (quoting State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000)). Since we will necessarily need to determine the parties' rights and obligations under the Agreement with respect to Plaintiff's claim for breach of contract, it is not apparent that dismissing Plaintiff's claim for a declaratory judgment would promote judicial economy. Consequently, we exercise our discretion to allow Plaintiff to proceed with respect to the claim for

declaratory judgment in Count IV of the Amended Complaint. We therefore deny Defendant's Motion to Dismiss as to Count IV of the Amended Complaint.

F. Count VI – Preliminary Injunction/Temporary Restraining Order

Defendant asks that we dismiss Count VI, which requests a temporary restraining order prohibiting Defendant from dissipating, depleting, transferring, hiding, or otherwise taking any action with respect to the $600,000.00 that Plaintiff paid him and a preliminary injunction requiring Defendant to pay the $600,000.00 into a fund in the Court. (Am. Compl. ¶¶ 71-73.) Defendant contends that we should dismiss this claim because a temporary restraining order is a remedy, not a cause of action. See Interactive Media Entm't & Gaming Ass'n, Inc. v. Gonzales, Civ. A. No. 07-2625, 2008 WL 5586713, at *1 n.1 (D.N.J. Mar. 4, 2008) (stating that because "a temporary restraining order is merely a form of injunctive relief, the Court [would] not treat the request [for a TRO count in the complaint] as a freestanding claim"). Plaintiff agrees that his request for injunctive relief does not state a separate cause of action. (Pl.'s Mem. at 14.) He asks that we dismiss Count VI without prejudice and that this Count be considered to be a request for the remedy of injunctive relief. Consequently, we grant Defendant's Motion to Dismiss as to Count VI of the Amended Complaint and we will treat paragraphs 65-77 of the Amended Complaint as a request for the relief of a temporary restraining order and preliminary injunction, rather than as a separate cause of action for injunctive relief.

IV. CONCLUSION

For the reasons stated above, we grant the Motion to Dismiss in part and deny it in part. The Motion is granted as to Count VI and we dismiss Plaintiff's claim for a preliminary injunction/temporary restraining order without prejudice. We will treat Count VI as a request for

19

relief in the form of a temporary restraining order and preliminary injunction. The Motion is denied in all other respects. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.